[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12776

Non-Argument Calendar

_____

In re: ALBERTO SOLER SOMOHANO,

Debtor.

_____

ALBERTO SOLER-SOMOHANO,

Plaintiff-Appellant,

*versus*

FEDERAL HOUSING FINANCE AGENCY,
GOVERNMENT SPONSOR ENTERPRISE,
FANNIE MAE,
KONDAUR CAPITAL LLC,
MICHAEL HANZMAN, et al.,

2                    Opinion of the Court                    22-12776

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-23235-MGC,
Bkcy  No. 1:21-bk-01057-AJC

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Alberto Solar,[1] proceeding *pro se*, appeals the district court's dismissal of his appeal of a bankruptcy court's dismissal of an adversary proceeding.

We ordinarily review a district court's dismissal for want of prosecution for abuse of discretion. *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995).  However, issues not raised in an appellant's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 871–72 (11th Cir. 2022) (en banc). "A party fails to adequately brief a claim when he does not plainly and prominently raise it." *Sapuppo v. Allstate*

_____

[1] While the appellant's surname has been listed as "Soler-Somohano" and "Solar-Somohano" in certain filings, this opinion refers to him as "Solar," consistent with the name he uses in his brief.

*Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). Importantly, we have "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Yet an issue not briefed on appeal by a *pro se* litigant—even when liberally construed—is still deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Here, Solar has abandoned on appeal the issue of whether the district court abused its discretion in dismissing his case for lack of prosecution. His brief challenges the Federal Housing Finance Agency's validity as a party-appellee and raises unsubstantiated allegations regarding the bankruptcy judge's competency in the underlying case. Even with the benefit of liberal construction, Solar does not present arguments on appeal addressing the district court's dismissal of his case, or its rationale in support thereof. Accordingly, we affirm.

**AFFIRMED.**